**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0228n.06
Filed: May 2, 2008

**No. 06-4476**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AKBARI BORBODOEVA et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| MICHAEL B. MUKASEY, Attorney General of | ) | IMMIGRATION APPEALS |
| the United States, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before: RYAN, SILER, and COLE, Circuit Judges.

**PER CURIAM.** Lead petitioner Akbari Borbodoeva and her husband, Aleksandr

Soldatchenkov, petition for review of the order of the Board of Immigration Appeals ("BIA")

upholding the decision of the Immigration Judge ("IJ") denying Borbodoeva's application for

asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and

withholding of removal under the Convention Against Torture ("CAT").[1] Petitioners argue that the

IJ erred by (1) holding that extraordinary circumstances did not excuse her failure to file her asylum

application within one year of arrival in the United States, (2) failing to make an explicit credibility

determination, (3) holding that country conditions in Kyrgyzstan have changed such that she no

---

[1]Soldatchenkov's claims for asylum and withholding of removal under the INA and CAT are
based solely on his status as Borbodoeva's husband.

longer has a reasonable fear of persecution, and (4) incorrectly interpreting precedent governing the legal standards for withholding of removal. Because none of their arguments has any merit, we DENY the petition for review.

**BACKGROUND**

Borbodoeva is a native and citizen of Kyrgyzstan who arrived in the United States in October 2000, as a nonimmigrant visitor authorized to remain until April 27, 2001. She married Soldatchenkov, a native and citizen of Russia, in May 2002 in Nevada. Soldatchenkov arrived in the United States on a nonimmigrant B-2 visa in May 1999, with authorization to remain until May 9, 2000. Both admitted that they remained in the United States beyond the period for which they were authorized to remain.

Borbodoeva filed an asylum application in August 2002, more than one year after she arrived in the United States. She claimed that extraordinary circumstances excused her failure to submit her application within the one-year time limit. *See* 8 C.F.R. § 1208.4(a)(2)(i) & (a)(5). She sought asylum based on her political opinion and membership in a particular social group. She joined the Ar-Namys opposition political party in May 1999 and was very active in the party leading up to elections. She acted as a journalist by preparing articles about the election at the request of the party. She recounted various episodes of harassment and mistreatment at the hands of political opponents, including government officials, and claimed that she would be subject to torture upon return to Kyrgyzstan.

The Immigration and Naturalization Service initiated removal proceedings against them pursuant to § 240 of the INA. The IJ denied her asylum application as untimely, holding that her failure to file within the one-year time limit was not excused by extraordinary circumstances. The

IJ rejected her claims for withholding of removal under the INA and CAT because country conditions had changed. The IJ ordered both be removed and deported. The BIA dismissed their appeal, closely following the IJ's reasoning.

**ANALYSIS**

Where, as here, the BIA adopts the IJ's reasoning, we review the IJ's decision directly to determine whether the decision of the BIA should be upheld on appeal. *Amir v. Gonzales*, 467 F.3d 921, 924 (6th Cir. 2006). We review an IJ's determination regarding changed country conditions for substantial evidence. *Ramaj v. Gonzales*, 466 F.3d 520, 530-31 (6th Cir. 2006).

Borbodoeva argues that extraordinary circumstances excuse her failure to file an asylum application within one year. *See* 8 C.F.R. § 1208.4(a)(5) (listing extraordinary circumstances that excuse untimely filing of an asylum application). She argues that she failed to file in a timely fashion because of depression and ineffective assistance of counsel from a paralegal. We are jurisdictionally barred from considering this claim. Congress has jurisdictionally barred us from entertaining appeals from the Attorney General's determination of whether an asylum application has been filed within the time limit. 8 U.S.C. § 1158 (a)(2)(B) & (a)(3). Borbodoeva attempts to circumvent this jurisdictional limitation by arguing that the REAL ID Act reestablishes our appellate jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). However, we have squarely rejected this argument because whether circumstances excuse the untimeliness of an asylum application generally presents a question of fact, not a constitutional claim or a question of law. *Almuhtaseb v. Gonzales*, 453 F.3d 743, 747-48 (6th Cir. 2006); *see also Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 502 (6th Cir. 2007) (holding that issue of whether

extraordinary circumstances excuse untimely filing of asylum application is jurisdictionally barred under *Almuhtaseb*); *Amir*, 467 F.3d at 924 (same).

Borbodoeva argues that the IJ erred by failing to make a finding regarding her credibility. While she may be entitled to a presumption of credibility on appeal, she is not entitled to relief on this ground because the IJ denied her petition based on changed country conditions, a ground independent of her credibility.

Substantial evidence supports the IJ's finding that country conditions in Kyrgyzstan have changed such that there is no clear probability that Borbodoeva will be persecuted if she returns. An alien seeking withholding of removal under § 241(b)(3) of the INA bears the burden to show that her life or freedom would be threatened in the future in the country of removal because of, inter alia, her political opinion or membership in a particular social group. 8 C.F. R. § 1208.16(b). If the alien is determined to have suffered past persecution based on a protected ground, she is entitled to a rebuttable presumption of future persecution. 8 C.F.R. § 1208.16(b)(1)(i). However, the presumption may be rebutted if the IJ finds by a preponderance of the evidence that there has been a fundamental change in circumstances such that the alien's life or freedom would not be threatened on account of a protected ground. 8 C.F. R. § 1208.16(b)(1)(i)(A). To qualify for withholding of removal under CAT, the alien must show that it is more likely than not that she would be tortured if removed to the proposed country of removal. 8 C.F. R. § 1208.16(c)(2). We need not analyze changed country conditions in the asylum context because Borbodoeva's asylum application was untimely.

President Askar Akayev, leader of the government that arrested and beat Borbodoeva because of her political activities, was forced out of office and fled the country in 2005. The new government

was headed by Kurmanbek Bakiyev, who had led the protests against Akayev. Felix Kulov, the leader of Borbodoeva's Ar-Namys Party, was released from prison, cleared of all charges by the Kyrgyzstan Supreme Court, appointed head of the country's security forces, and later became prime minister and important political ally to President Bakiyev. Borbodoeva relies on the 2005 Country Reports of Human Rights Conditions from the United States Department of State for the assertion that reporters are routinely harassed. Aside from being old, out of date reports written during the early stages of the regime change, these reports also state that Kyrgyzstan's "human rights record improved considerably" following the resignation of Akayev.

Borbodoeva argues that the IJ erred by relying upon *In Re S-V-*, 22 I. & N. Dec. 1306 (2000), in denying her relief under CAT. The IJ stated "Article 3 of the Torture Convention does not extend protection to persons who fear entities the government is unable to control" and cited to *In Re S-V-*. We have recognized that *In Re S-V-* "directly conflicts with Congress's intent to include willful blindness in the definition of acquiescence." *Amir*, 467 F.3d at 927. While the IJ erred by citing an authority that is no longer good law, this error was harmless because it did not affect the changed country conditions analysis, the ground upon which the IJ ultimately relied in denying Borbodoeva relief. The IJ correctly applied the legal standard for the changed country condition analysis and did not rely on *In Re S-V-* for any relevant proposition of law.

**CONCLUSION**

The petition for review is DENIED.